UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HORIZON LINES, LLC,<br>600 E. Las Colinas Blvd., Suite 600<br>Irving, TX 75039,<br><br>      Plaintiff,<br><br>  v.<br><br>LEL CARIBE, LLC,<br>2098 West Chester Pike, Ste. 201<br>Broomall, PA 19008,<br><br>LEADING EDGE LOGISTICS, LLC,<br>2098 West Chester Pike, Ste. 201<br>Broomall, PA 19008,<br><br>HORIZON INTERNATIONAL SHIPPING, INC.<br>10943 NW 122 St.<br>Medley, FL 33178,<br><br>and<br><br>THOMAS TORCOMIAN, an individual,<br>2098 West Chester Pike, Ste. 201<br>Broomall, PA 19008,<br><br>      Defendants. | IN ADMIRALTY<br><br><br><br>CIVIL ACTION<br><br><br>NO. |

**COMPLAINT**

Plaintiff, Horizon Lines, LLC, brings this action against Defendants LEL Caribe, LLC, Leading Edge Logistics, LLC, Horizon International Shipping, Inc. and Thomas Torcomian, and states as follows:

**Jurisdiction and Venue**

1. This is an action in admiralty and maritime jurisdiction as hereinafter more fully appears.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1333 and 1337, and pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue is proper in this District because at least three of the four defendants are located within the Eastern District of Pennsylvania.

**Parties**

3. Plaintiff, Horizon Lines, LLC ("Horizon Lines") is a limited liability corporation organized and existing under the laws of the State of Delaware, with a place of business located at 600 E. Las Colinas Blvd., Suite 600, Irving, TX 75039.

4. Horizon Lines is a common and contract ocean carrier engaged in the ocean transportation of cargo between the different states of the United States of America and the Commonwealth of Puerto Rico.

5. Under applicable tariff, therefore, Horizon Lines is a water carrier in noncontiguous domestic trade, as defined in 49 U.S.C. § 13102(3) and (17).

6. Defendant Leading Edge Logistics, LLC ("Leading Edge") is a limited liability corporation organized and existing under the laws of the State of Delaware, with a place of business located at 2098 West Chester Pike, Ste. 201, Broomall, PA 19008.

7. Defendant LEL Caribe, LLC ("Caribe") is a limited liability corporation organized and existing under the laws of the Commonwealth of Puerto Rico, with a place of business located at 2098 West Chester Pike, Ste. 201, Broomall, PA 19008.

8. Caribe is owned by Leading Edge and has the same or related ownership as Leading Edge. Leading Edge is an affiliate of Caribe.

9. Defendant Horizon International Shipping, Inc. ("HIS") is a corporation organized and existing under the laws of the State of Florida, with a place of business located at 10943 NW 122 St., Medley, FL 33178.

10. HIS is owned by Leading Edge or has the same or related ownership as Leading Edge, and is an affiliate of Caribe.

11. HIS is presently doing business within this district.

12. Defendant Thomas Torcomian is a member, manager, or officer of Leading Edge.

13. As a member, manager, or officer of Leading Edge, Defendant Thomas Torcomian is a principal of Leading Edge.

14. Thomas Torcomian is a member, manager, or officer of Caribe or one of his other companies owns Caribe.

15. As a member, manager, or officer of Caribe, Thomas Torcomian is a principal of Caribe.

16. Thomas Torcomian is a shareholder or officer of HIS, or one of his other companies owns HIS.

17. As a shareholder or officer of HIS, Thomas Torcomian is a principal of HIS.

**Horizon Lines' Shipments for Defendants**

18. Between approximately October 2012 and approximately February 15, 2014, Horizon Lines received from and transported for Defendants' account various containers of cargo for shipment between the United States and the Commonwealth of Puerto Rico.

19. Defendants failed to pay for all shipments.

20. Defendants failed to pay amounts totaling $675,448.12 for the ocean transportation and related services provided by Horizon Lines.

**The Confidential Agreement with C&F**

21. On or around April 11, 2011, Horizon Lines, as Carrier, and C&F Worldwide ("C&F"), as Shipper, entered into an agreement for terms applicable to certain cargo shipped by C&F (the "Confidential Agreement").

22. The Confidential Agreement provides, in pertinent part, that:
    [e]xcept as otherwise provided, all cargo under this Agreement is

subject to all charges, surcharges, and rules, including bill of lading terms, set forth in Carrier's published, applicable tariff in the US/Puerto Rico trade, or successor tariffs (the "Tariff"), which may be amended by Carrier from time to time, which Tariff is incorporated by reference and made a part of this Agreement.

### Caribe's Acquisition of C&F and Agreement with Horizon Lines

23. Caribe and C&F entered into an asset purchase agreement, which closed on March 21, 2012.

24. On or around March 15, 2012, Horizon Lines, Caribe, and Leading Edge entered into a letter agreement, which was contingent upon the close of Caribe's acquisition of the assets of C&F ("Letter Agreement").

25. Defendant Torcomian negotiated the terms of the Letter Agreement on behalf of Caribe and Leading Edge.

26. In the Letter Agreement, Leading Edge and Caribe agreed that both Caribe and Leading Edge would be obligated to pay for Caribe's shipments carried by Horizon Lines.

27. Under the Letter Agreement, the prevailing party in any dispute to enforce its terms is entitled to the payment of its attorneys' fees and costs from the other party.

### Amendments to the Confidential Agreement

28. On or around March 21, 2012, Caribe as "Shipper" and Horizon Lines as "Carrier" agreed to the "Amendment March 15, 2012" to the Confidential Agreement.

29. The Amendment March 15, 2012, substituted Caribe for C&F and the term of the Confidential Agreement was amended to commence April 11, 2011 and extend through March 15, 2014.

30. Defendant Torcomian knew or should have known the terms of Amendment March 15, 2012, the Confidential Agreement, and all later amendments.

31. On or around October 16, 2012, Caribe as "Shipper" and Horizon Lines as "Carrier" entered into an amendment to the Confidential Agreement that was identified as the "August 2012 Amendment."

32. The August 2012 Amendment modified the Shipping Agreement by adding the following language:

> Each company which is affiliated with LEL Caribe, LLC as of the effective date of this August 2012 Amendment, and each company which becomes affiliated with LEL Caribe, LLC at any time thereafter, shall be included within the term "Shipper" hereunder. LEL Caribe, LLC warrants and represents that it is authorized to enter into this August 2012 Amendment on behalf of itself and each of its affiliated companies.

33. On or around March 27, 2013, Caribe and Horizon Lines entered into an amendment of the Confidential Agreement for certain rate increases.

34. In the paragraphs of the Complaint that follow, the (i) Amendment March 15, 2012, (ii) August 2012 Amendment, and (iii) March 27, 2013 Amendment are collectively referred to as "the Amendments."

### COUNT I – BREACH OF CONTRACT
**(Against All Defendants)**

34. Horizon Lines incorporates the averments of Paragraphs 1 through 34 above as if fully set forth herein.

35. Under the Confidential Agreement, Letter Agreement, and Amendments, Defendants agreed to pay for Horizon Lines' shipment services.

36. The applicable tariff provided, in pertinent part, that "[t]he shipper, consignee, holder of the bill of lading, bill to party, owner of the goods and principals of said liable parties shall be jointly and severally liable to Carrier for the payment of all freight … charges."

37. Defendants failed to pay for all amounts for shipment services between

October 2013 and February 2014 due under the Confidential Agreement, Letter Agreement, and Amendments.

38. Under the Letter Agreement and the Confidential Agreement as amended, Caribe, Leading Edge, HIS, and Thomas Torcomian are jointly and severally liable to Horizon Lines for payment of all ocean freight and related charges and other costs related to the shipment of cargo, as well as all expenses incurred by Horizon Lines in collecting sums due.

39. As a result of Defendants' failure to pay, Horizon Lines has suffered $675,448.12 in damages for shipment services between October 2013 and February 2014.

40. The aforesaid amount of $675,448.42 is in addition to other payment due by Defendants to Horizon Lines, which is not included in this action, and is addressed separately.

WHEREFORE, Plaintiff Horizon Lines, LLC, respectfully requests that the Court enter judgment in its favor and against Defendants LEL Caribe, LLC, Leading Edge Logistic, LLC, Horizon International Shipping, Inc., and Thomas Torcomian, jointly and severally:

1. $675,448.12 for ocean freight and related charges for the transportation and related services in the shipment of the containers;
2. Attorneys' fees and costs to enforce the Letter Agreement and collect the ocean freight and related charges as provided in the Letter Agreement;
3. Prejudgment interest; and
4. Such other relief as the court deems just and proper.

|  |  |
|---|---|
|  | JACOBY DONNER, P.C. |
| OF COUNSEL: | *Electronically signed by* |
| William D. DeVoe, Esquire<br>Alysha Yagoda, Esquire<br>Holmes, Weddle & Barcott<br>999 Third Avenue, Suite 2600<br>Seattle, Washington 98104 | By:/s/ Stanley B. Edelstein<br>Stanley B. Edelstein<br>PA ID #26373<br>sedelstein@jacobydonner.com<br>Allie J. Hallmark<br>ahallmark@jacobydonner.com<br>PA ID #314466<br>1700 Market Street, Suite 3100<br>Philadelphia, PA 19103<br><br>215-563-2400<br>COUNSEL FOR PLAINTIFF<br>HORIZON LINE, LLC |

G:\3900\27782\Pleading\Drafts\Horizon Complaint (00226314-6).rtf